# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE ANTONIO GEMEIL, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-3412 |
| WARDEN, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Jose Antonio Gemeil's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his state convictions for armed robbery and theft. ECF No. 1.[1] Because I find that Gemeil's claims are not cognizable on federal habeas review, are unexhausted, and are procedurally defaulted, the Petition will be denied and dismissed. A certificate of appealability shall not issue.

## BACKGROUND

On November 24, 2015, a jury sitting in the Circuit Court for Caroline County, Maryland, found Gemeil guilty of robbery with a dangerous weapon, theft, second degree assault, and attempting to flee or elude police in a vehicle. The Circuit Court sentenced him to twenty-five years of imprisonment. *State v. Gemeil*, Case No. 05-K-15-010807 (Cir. Ct. Caroline Cty); *see also* ECF No. 4-1 (docket sheet).

Gemeil appealed, raising two claims of error: (1) the trial court failed to strike three

---

[1] Respondents filed an Answer to the Petition. ECF No. 4 at 6. Gemeil was notified that he may file a Reply, but has not done so. ECF No. 5. No hearing is necessary. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).

potential jurors for cause; and (2) the trial court erred in admitting video evidence without proper authentication. ECF No. 4-2 at 2. By unreported opinion filed on November 8, 2017, the Court of Special Appeals of Maryland affirmed the convictions. *Id.* Of particular import, Gemeil did not file a petition for a writ of certiorari to the Maryland Court of Appeals. ECF No. 1 at 2. Gemeil filed this § 2254 petition on November 9, 2017.[2] *Id.*

## PETITIONER'S CLAIMS

Gemeil presents two claims for federal habeas corpus relief: (1) the trial court abused its discretion by refusing to strike jurors 25, 61, and 124; and (2) the trial court failed to authenticate the video surveillance. ECF No. 1 at 5.

## DISCUSSION

### Scope of § 2245 Review

The federal habeas statute provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for a claim to be cognizable on § 2245 review, a petitioner must assert a violation of federal statutory law or of the United States Constitution. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). "The role of a federal habeas court is to guard against

---

[2] On January 1, 2018, Gemeil filed a state petition for post-conviction relief. The Circuit Court has not held post-conviction hearing nor has a decision issued. *See* http://casesearch.courts.state.md.us/casesearch (visited November 4, 2019).

2

extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (internal marks and citations omitted).

The federal habeas statute provides a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Gemeil's claims in this Petition do not allege a violation of federal statutory or constitution law. The Petition presents essentially the same claims of error that Gemeil raised on direct appeal, and those claims were rejected based on Maryland law. *See* ECF No. 4-2 at 6, 11, 13, 18–22. It is not the role of this federal court to second guess those conclusions. *See Rose v. Hodges*, 423 U.S. 19, 21–22 (1975). Therefore, Gemeil's claims are not cognizable under § 2254(a).

Exhaustion

Gemeil's Petition also fails because he failed to exhaust state court remedies. The exhaustion doctrine, codified at 28 U.S.C. § 2254(b)(1), "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

3

proceedings. Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (alteration in original) (internal citations and quotation marks omitted).[3] Moreover, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation . . . ." *Id.* Thus, the *Rose* Court cautioned litigants, "before you bring any claims to federal court, be sure that you first have taken each one to state court." *Id.* at 520; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").

As noted, Gemeil acknowledges that he did not seek further review of his claim by the Maryland Court of Appeals after they were rejected by the Court of Special Appeals. Consequently, these claims must be dismissed for lack of exhaustion.

Procedural Default

For the same reasons, Gemeil's petition fails because it is procedurally defaulted. In *O'Sullivan*, the Supreme Court stated: "To . . . 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has

---

[3] Section 2254(b)(1) states that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) The applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (C) An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1).

*properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." 526 U.S. at 848 (internal citation omitted). If a prisoner "fails to present his claims in a petition for discretionary review to a state court of last resort" he has not "*properly* presented his claims to the state courts" and the claims are procedurally defaulted. *Id.* at 848. Stated differently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

When a claim is procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show: (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that failure to consider the claim on the merits would result in a fundamental miscarriage of justice, *i.e.*, the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S 478, 486, 495–96 (1986). "Cause" consists of "some factor external to the defense [that] impeded counsel's efforts to raise the claim in State court at the appropriate time." *Breard v. Pruett*, 134 F. 3d 615, 620 (4th Cir. 1998). In order to demonstrate prejudice, a habeas petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Even when a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

Having failed to file a petition for a writ of certiorari, Gemeil is procedurally barred from further review of his claims in the Maryland Court of Appeals. This procedural bar serves as an independent and adequate state ground to preclude further review of his claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996). Gemeil offers no argument to establish cause and prejudice

5

to excuse the procedural default, nor does he assert that a fundamental miscarriage of justice will result from the procedural default. Gemeil does not claim he is actually innocent. For these reasons, the claims are procedurally defaulted without excuse and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Gemeil must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because I find that Gemeil has not made the requisite showing, I decline to issue a certificate of appealability. He may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED AND DISMISSED. A certificate of appealability shall not issue. A separate Order follows.

_11/13/2019_             __/S/_____
Date                                     Paul W. Grimm
                                         United States District Judge